*1449 OPINION.
Van Fossan:
The matter at issue in this case is the taxability of the petitioner’s alleged gain of $16,000 arising from its discharge of an obligation of $50,000 by the payment of $10,000 in cash and the transfer of capital stock of its creditor, having a face value of $40,000 but purchased by the petitioner for $24,000.
If the petitioner had been solvent at the time of the transaction the gain would be taxable. In L. D. Coddon & Bros. Inc., 37 B. T. A. 393, we said:
* * * the present state of authority seems to be that where a solvent debtor is under direct obligation to make payments for physical property purchased by him or by his assignor, which is still held by him, and satisfies this obligation by paying less than the amounts called for by the obligation, the property continuing to be of a value sufficient to pay the indebtedness, the transaction will result in taxable income to the debtor in the amount by which the face value of the obligation exceeds the amount paid by him for its satisfaction.
Conversely, no taxable gain would result from such a transaction provided that, both immediately before and immediately after the transaction, the debtor was insolvent. In Madison Railways Co., 36 B. T. A. 1106, we said:
* * * It seems clear that where an insolvent debtor turns over all of his property to his creditors in full or partial satisfaction of his debts the debtor realizes no taxable gain. Cf. Bowers v. Kerbaugh-Empire Co., 271 U. S. 170; Meyer Jewelry Co., 3 B. T. A. 1319; Burnet v. John F. Campbell Co., 50 Ned. (2d) 487; Dallas Transfer & Terminal Warehouse Co. v. Commissioner, 70 Fed. (2d) 95; Porte F. Quinn, 31 B. T. A. 142. It is equally clear, we think, that where an insolvent debtor satisfies a portion of his debts without thereby becoming solvent he has likewise realized no taxable income. He has not by such satisfaction of his debt realized “something of exchangeable value,” something “for his separate use, benefit and disposal.” * * *
The petitioner’s purchase and retirement of its own bonds during the taxable years simply reduced its outstanding liabilities. A reduction in outstanding liabilities which does not make a taxpayer solvent does not result in taxable gain. Dallas Transfer & Terminal Warehouse Co. v. Commissioner, 70 Fed. (2d) 95.
See Porte F. Quinn, 31 B. T. A. 142; cf. Lakeland Grocery Co., 36 B. T. A. 289.
The only question for us to decide therefore is the fact of the petitioner’s insolvency. We have found as a fact that the petitioner was insolvent, immediately before and immediately after September 29, 1933. The record reveals that the petitioner owed $90,575.69 just before the settlement with the Loan Association and $74,501.12 immediately thereafter. In addition, the petitioner had a- *1450 liability of $50,500 in outstanding capital stock, and, despite a generous rental paid by the Bank, its books at the end of 1983 showed an operating loss of $2,648.36 (which did not include a depreciation allowance of $2,792.12).
Its only asset was the Kelly Building, whose fair market value we have found to be $70,000. At the end of 1933 it had an additional asset of $352.87 in prepaid insurance, minus the liability of an overdraft of $4.41. Thus, it is obvious that the petitioner could not pay its debts on September 29, 1933, or immediately theretofore or thereafter.
It is unnecessary to discuss at length the factors which combined to produce the September 29, 1933, valuation of the Kelly Building. However, it is pertinent to say that the Kelly Building was about 40 years old, of primarily a factory type of construction, with the Bank and cafeteria quarters on the lower floor and some office rooms finished off on the upper floors of the front part of the building. The ground floor was not level with the pavement. The building was not in good condition except the remodeled banking rooms and the cafeteria. Its location was not in the best business location of Springfield, a “one-street” city. Bents in this vicinity were very low in 1933 and there were many vacant rooms and buildings.
We had the benefit of the testimony of expert witnesses who were well acquainted with real estate values and were familiar with the general business and economic situation in Springfield. On the facts as presented, we feel that $70,000 is a liberal valuation of the Kelly Building on September 29, 1933.
Thus, due to its insolvent condition, the petitioner realized no taxable gain in 1933 and, consequently, is chargeable with neither the tax nor the penalty set forth in the respondent’s notice of deficiency.

Decision will be entered for the petitioner.